IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DARRELL PARKS,** :
:
    **Petitioner** : **CIVIL NO. 1:CV-13-03090**
:
**v.** : **(Judge Rambo)**
:
**WARDEN J.L. THOMAS, et al.,** :
:
    **Respondent** :

## **M E M O R A N D U M**

Petitioner Darrell Parks, an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] requesting that the court issue a writ of habeas corpus ad testificandum directing prison officials at USP-Lewisburg to transport Petitioner to this district court in order to file a new action. Petitioner has

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

\* \* \*

(c) The writ of habeas corpus shall not extend to a prisoner unless - - . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States; . . . (5) It is necessary to bring him into court to testify or for trial.

named Warden J.L. Thomas and twenty-four (24) other individuals as Respondents.[2] For the reasons set forth below, this petition will be dismissed.

I. **Background**

In the petition, Petitioner requests that the court issue a writ of habeas corpus ad testificandum so that he may travel to the court to file a "civil rights - 'criminal complaint' for assault and battery and/or conspiracy and deprivation of my constitutional rights, in violation of 18 U.S.C. §§ 241, 242" against the named Respondents. (Doc. 1 at 8.) He provides no specific information regarding the nature of his anticipated action.

II. **Discussion**

United States Code Title 28, Section 2243 provides in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the

---

[2] The only proper respondent to a habeas petition is the petitioner's immediate custodian - here, the Warden of USP-Lewisburg, J.L. Thomas. *Padilla v. Rumsfeld*, 542 U.S. 426, 442, 446-47 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement"); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973); *accord Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994) (petition must be addressed to the warden because "it is the warden that has day-to-day control over the prisoner and who can produce the actual body" of the person detained). Accordingly, S. Argueta, T. Crawford, J. Dldt, J. Carpenter, Mr. Pealer, Mr. Hamilton, Mr. Saylor, Two Unknown C/O, J. Treibley, Unknown Immediate Use of Force Team, J. Sherman, J. Seeba, Three Unknown Lt., R. Johnson, W. Brenneman, N. Trusal, S. Dees, D. Mink, N. Carper, C. Berkoski, G. Shuck, B. Marr, J. Nilts, and B. Chambers will be dismissed from this action.

2

respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243.

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989). Nevertheless, a district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996); *see also* 28 U.S.C. §§ 2243, 2255.

Further, the habeas corpus statute together with the All Writs Act provides federal courts the authority to grant a writ of habeas corpus ad testificandum. 28 U.S.C. §§ 1651(a), 2241(c)(5). It is within the discretion of the trial court whether or not to issue a writ of habeas corpus ad testificandum to direct the custodian of an incarcerated individual to produce the prisoner to appear for testimony at a trial or other proceeding. 28 U.S.C. § 2241(c)(5). Writs of this nature are issued by the trial court to bring an incarcerated state or federal prisoner as witness into federal court. *See United States v. Cruz-Jiminez*, 977 F.2d 95, 99 (3d Cir. 1992).

3

In this case, Petitioner has indicated that he anticipates filing some sort of civil or criminal charges against the Respondents named in the petition. As such, there does not yet seem to be any underlying case for which he is filing this writ. Further, this court is not the trial court for hearing any such matter at which Petitioner seeks to testify, if in fact he does seek to do so. Again, this is unclear. Without more, this court does not have jurisdiction to issue a writ of habeas corpus ad testificandum. Thus, the instant petition will be dismissed.

An appropriate order will issue.

                                               s/Sylvia H. Rambo
                                               SYLVIA H. RAMBO
                                               United States District Judge

Dated: January 3, 2014.